

## Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess   Logoff PAULWKINGLLC

### 2231-CC00677 - JUSTYN MERCKLING V MIDWEST TECHNICAL INSTITUTE INC (E-CASE)

| Case FV abc Vatumas | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ◉ Descending   ○ Ascending

Display Options: All Entries

---

**07/19/2022** ☐ **Corporation Served**
Document ID - 22-SMCC-1460; Served To - MIDWEST TECHNICAL INSTITUTE INC; Server - GREENE COUNTY SHERIFF; Served Date - 18-JUL-22; Served Time - 13:58:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - By leaving a copy with Elizabeth Skidmore Campus Pres/dm

**07/05/2022** ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-1460, for MIDWEST TECHNICAL INSTITUTE INC. Summons saved and attached in PDF format for Attorney to retrieve from secure case.net./ar

☐ **Summons Withdrawn**
Document ID - 22-SMCC-1423; Served To - MIDWEST TECHNICAL INSTITUTE INC; Server - ; Served Date - 05-JUL-22; Served Time - 00:00:00; Service Type - Other; Reason Description - Other; Service Text - Clerical Error

**07/01/2022** ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-1423, for MIDWEST TECHNICAL INSITUTE INC. Summons saved and attached in PDF format for Attorney to retrieve from secure case.net./ar

**06/30/2022** ☐ **Filing Info Sheet eFiling**
     **Filed By:** GREGGORY DEAN GROVES

☐ **Pet Filed in Circuit Ct**
Plts Petition; Exhibit A; Exhibit B; Exhibit C; Exhibit D./ar
     **Filed By:** GREGGORY DEAN GROVES
     **On Behalf Of:** JUSTYN MERCKLING

☐ **Judge Assigned**

---

Case.net Version 5.14.54      Return to Top of Page      Released 07/15/2022

# NOTICE OF REMOVAL
# ATTACHMENT A

Case 6:22-cv-03212-MDH    Document 1-1    Filed 08/15/22    Page 1 of 28

Electronically Filed - Greene - June 30, 2022 - 04:50 PM

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | | |
|---|---|---|
| JUSTYN MERCKLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. |
| | ) | |
| MIDWEST TECHNICAL INSTITUTE, | ) | |
| INC. | ) | |
| *Serve:  Person having charge of the* | ) | |
| *Business Office at* | ) | |
| *3600 S Glenstone Outer Road* | ) | |
| *Springfield, MO  65804,* | ) | |
| | ) | |
| Defendant. | ) | |

## <u>PETITION</u>

**COMES NOW** Plaintiff, Justyn Merckling, by and through his undersigned attorney of record, and for his Petition and causes of action against Defendant, Midwest Technical Institute, Inc., states, alleges and avers to the Court as follows:

### I.  PARTIES

1.      Plaintiff is a resident of Greene County, Missouri.

2.      Defendant is a foreign corporation organized under the laws of the State of Illinois and authorized to do business and doing business in the State of Missouri, including Greene County, Missouri.

3.      At all times relevant herein, Defendant acted by and through its duly authorized agents, servants and employees acting within the course and scope of their employment.

4.      Defendant is an employer within the meaning of the Missouri Human Rights Act, the Family and Medical Leave Act, and the Americans with Disabilities Act.

5.      At all times herein set forth, Defendant was an employer engaged in commerce within the definition of the federal Fair Labor Standards Act of 1938 and the several supplements thereof and amendments thereto.

6.      At all times herein set forth, Plaintiff was at such times an employee within the meaning of Section 3 of that Act.

## II. VENUE AND JURISDICTION

**7**.      Count I of Plaintiff's cause of action is brought under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. Section 2601 et seq. against Defendant.

8.      An FMLA claim "may be maintained against any employer in any Federal or State court of competent jurisdiction..." (29 U.S.C. Section 2617(a)(2)).

9.      Count II of Plaintiff's cause of action is a State law claim under the Missouri Commission on Human Rights Act ("MCHRA"), RSMo. Section 213.010 *et seq.* against Defendant.

10.      The Court has jurisdiction over Count II pursuant to RSMo. Section 213.111 and 28 U.S.C.A. § 1367(a).

11.      Count III of Plaintiff's cause of action is a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. Section 12101, et seq. against Defendant.

12.      This Court has jurisdiction over Count III. *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990).

13.      Count IV of Plaintiff's cause of action is a claim under the Fair Labor Standards Act (FLSA) including 29 U.S.C.A. §§ 201-219.

14.      This Court has jurisdiction over FLSA claims.

15.      The actions alleged herein occurred in Greene County, Missouri.

16.    Plaintiff timely filed a Charge of Discrimination and Amended Charge of Discrimination with both the Missouri Commission on Human Rights and the U.S. Equal Employment Opportunity Commission.

17.    On April 26, 2022, the Missouri Commission on Human Rights issued a Notice of Right to Sue Letter permitting Plaintiff to file a claim in State Circuit Court.  A true and correct copy of this letter to attached hereto as **Exhibit "A"** and incorporated herein by reference.

18.    On May 3, 2022, the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue permitting Plaintiff to file his cause of action in a State Circuit Court.   A true and accurate copy of the EEOC's Notice of Right to Sue is attached hereto as **Exhibit "B"** and incorporated herein by reference.

19.    The present case was filed less than ninety (90) days since the Notice of Right to Sue letters were first issued.

### III. FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

20.    Justyn Merckling began working for Defendant in November 2015 as an Instructor.

21.    In 2018, Plaintiff became a Placement Coordinator for Defendant, a position he held until Defendant refused to return Plaintiff to that position after he was ready to come back from leave under the FMLA.

22.    In the spring and summer of 2021, and even before, Plaintiff suffered from a serious and disabling medical condition, including Chron's Disease.

23.    As a result of his serious and disabling medical conditions, Plaintiff needed accommodations, including the opportunity to perform his job without being in an enclosed area with others and to further take leave under the FMLA.

24.     In the spring and summer of 2021, Plaintiff continued to seek treatment for his serious and disabling medical condition.

25.     In the spring and summer of 2021, Plaintiff sought leave under the FMLA for his serious and disabling medical condition.

26.     Shortly before he was to return from leave, Defendant, by and through its employees, informed Plaintiff that he would not be returning to the job of Placement Coordinator, which he had held since 2018.

27.     Plaintiff requested to be returned to his position as Placement Coordinator, but Defendant refused to return Plaintiff to his position as Placement Coordinator. Instead, he was returned to the position of full-time instructor.

28.     The position of full-time instructor required Plaintiff to work in an enclosed area with others.

29.     Knowing that he was not to work in enclosed areas with others, Plaintiff reached out to his doctor, who informed Plaintiff that Plaintiff was not to be in an enclosed area/classroom with other people due to his high risk and the medication he used for his disease.

30.     Plaintiff provided the information he had received from his doctor to Defendant thereby informing Defendant that Plaintiff could not work in the classroom due to his medical condition.

31.     After providing additional medical information to Defendant that Plaintiff could not work in a classroom setting, Plaintiff asked the Defendant about his return to work as a Placement Coordinator.

32.     Despite repeated requests, about his status, Defendant refused to get back to Plaintiff.

33.     While the Defendant refused to get back to Plaintiff, Plaintiff heard that he had in fact been terminated.

34.     After hearing that he had been terminated, Plaintiff again reached out to Defendant to confirm whether he had been terminated, but Defendant did not get back with Plaintiff.

35.     On August 26, 2021, and after Defendant refused to provide Plaintiff anything definitive about his status, Plaintiff filed his Charge of Discrimination.  A copy of which is attached hereto as **Exhibit "C"** and incorporated herein by reference. The August 26, 2021 Charge of Discrimination was amended and a copy of the Amended Charge of Discrimination is attached hereto as **Exhibit "D"** and incorporated herein by reference.

36.      Plaintiff was, in fact, terminated by Defendant.

**COUNT I**
**(VIOLATION OF FAMILY MEDICAL LEAVE ACT OF 1993 29 U.S.C. §2601 ET SEQ.)**

37.     Plaintiff hereby incorporates by reference paragraphs 1 through 36 as though more fully set forth herein.

38.     During the entire year of 2021, Plaintiff was a qualified "eligible employee" under the Family Medical Leave Act of 1993.  29 U.S.C. Section 2611(2).

39.     Plaintiff exercised his rights under the Family Medical Leave Act.

40.     When Plaintiff was preparing to return from leave to his position as a Placement Coordinator, Defendant refused to return Plaintiff back to his position as a Placement Coordinator.

41.     Not only did Defendant refuse to return Plaintiff to his position of Placement Coordinator that he was in immediately prior to taking leave, but Defendant terminated Plaintiff.

42.     The actions of Defendant in refusing to return Plaintiff to his position of Placement Coordinator and in discharging Plaintiff, constituted a violation of the FMLA.

43.     As a direct and proximate result of Defendant's action, Plaintiff has suffered a loss of wages, a loss of bonuses, a loss of benefits, and has suffered additional damages from the loss of those benefits of employment.

44.     As a direct and proximate result of Defendant's action, Plaintiff is entitled to interest on the amounts he has lost and is further entitled to liquidated/double damages as Defendant's conduct was not in good faith.

45.     Pursuant to 29 U.S.C. Section 2617(a)(1)-(3), Plaintiff is entitled to his attorney's fees and costs of this action.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for lost wages, lost bonuses, lost benefits, additional damages from the loss of those benefits, interest on his losses and double damages along with attorney fees and costs of this action and for such further relief as the Court deems just and proper in the premises.

**COUNT II**
**VIOLATION OF THE MISSOURI COMMISSION ON HUMAN RIGHTS ACT RSMo.**
**Section 213.010 et seq.**

46.     Plaintiff hereby incorporates by reference paragraphs 1 through 45 as though more fully set forth herein.

47.     As a result of Plaintiff's Chron's disease and serious medical condition, Plaintiff is an individual with a physical impairment that substantially limits one or more of his major life activities.

48.     Plaintiff's impairment constituted a disability under the Missouri Human Rights Act.

49.     Plaintiff, as an individual with a disability, is a member of a protected group pursuant to the Missouri Human Rights Act.

50.     Plaintiff, at all relevant times, met the necessary qualifications for his job and employment by way of his training, education, skills, and experience.

51.     Plaintiff is, and at the time of his termination was, able to perform the essential job functions of a Placement Coordinator with accommodation.

52.     Defendant engaged in unlawful discriminatory acts against Plaintiff by failing to return him to His position as Placement Coordinator, by failing to provide him accommodation upon his return from leave, and by failing to engage in an interactive process to determine if an accommodation was reasonable under the circumstances.

53.     In violation of R.S. Mo., Section 213.055, Defendant committed unlawful discriminatory employment practices and took an adverse action against Plaintiff by terminating Plaintiff from his employment.

54.     Not only did Defendant improperly and unlawfully terminate Plaintiff from his employment, but prior to the termination, Defendant had committed unlawful discriminatory employment practices and took adverse actions against Plaintiff by refusing to give him any pay raises due to his disability and by further refusing to return him to his position of Placement Coordinator.

55.     Plaintiff's impairment and disability was a motivating factor in Defendant's decision not to provide Plaintiff an accommodation and also not to engage in an interactive process to determine if an accommodation was reasonable or necessary or to try and accommodate Plaintiff upon his return from leave.

56. Plaintiff's impairment and disability was a motivating factor in Defendant's decision not to return Plaintiff to the position of Placement Coordinator.

57. Plaintiff's disability and impairment was a motivating factor in the Defendant's decision to stop providing Plaintiff any raises.

58. Plaintiff's disability and impairment was a motivating factor in the Defendant's decision to terminate Plaintiff.

59. A causal nexus exists between the unlawful discriminatory employment practices as set forth above and Plaintiff's membership in the protected group of someone with an impairment or disability.

60. The unlawful discriminatory employment practices by Defendant, as set forth above, impacted a term, condition or privilege of Plaintiff's employment with the Defendant.

61. Defendant knew or should have known of the unlawful discriminatory employment practices against Plaintiff yet failed to take proper remedial action to prevent, remove, or undo those practices and further failed to engage in an interactive process to determine if an accommodation was reasonable or necessary or to otherwise accommodate Plaintiff.

62. As a direct and proximate result of the discrimination as described herein and unlawful practices, Plaintiff has suffered and will continue to suffer the following:

(a) Lost income, including but not limited to bonuses, back pay, front pay, and lost benefits;
(b) Lost career opportunities, including but not limited to opportunities for advancement, status, pay, and benefits;
(c) Mental and emotional anguish defined as "garden variety" by Missouri law; and
(d) Extreme embarrassment, humiliation, outrage, and loss of personal enjoyment.

63. The actions of the Defendant were intentional, malicious, and committed with the deliberate indifference to, and reckless disregard for the rights of Plaintiff entitling Plaintiff to punitive damages against Defendant.

64. Pursuant to the Missouri Human Rights Act, RSMo. Section 213.111, Plaintiff is entitled to and hereby requests an award of attorney fees and post-judgment interest at the highest lawful rate on any award or verdict provided.

**WHEREFORE**, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable, for an award of punitive damages sufficient to deter this Defendant and others similar situated from like actions in the future; for an award of attorney fees; for his costs incurred herein, for post-judgment interest at the highest lawful rate on any judgment rendered; and for such other and further relief as the Court deems just and proper in the premises.

<u>**COUNT III**</u>
<u>**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**</u>

**COMES NOW** Plaintiff, and for Count III of his cause of action states as follows:

65. Plaintiff hereby incorporates by reference paragraphs 1 through 64, as though more fully set forth herein.

66. As a result of Plaintiff's Chron's disease and serious medical condition, Plaintiff is an individual with a physical impairment that substantially limits one or more of his major life activities.

67. Plaintiff's impairment constituted a disability under the American with Disabilities Act, 42 U.S.C. Section 12102 *et seq*.

68. Plaintiff, as an individual with a disability, is a member of a protected group pursuant to the American with Disabilities Act, 42 U.S.C. Section 12102 *et seq*.

69.     Plaintiff, at all relevant times, met the necessary qualifications for his job and employment by way of his training, education, skills, and experience.

70.     Plaintiff is, and at the time of his termination was, able to perform the essential job functions of a Placement Coordinator with accommodation.

71.     Defendant engaged in unlawful discriminatory acts against Plaintiff by failing to return him to his position as Placement Coordinator, by failing to provide him accommodation upon his return from leave, and by failing to engage in an interactive process to determine if an accommodation was reasonable under the circumstances.

72.     In violation of American with Disabilities Act, 42 U.S.C. Section 12102 et seq, Defendant committed unlawful discriminatory employment practices and took an adverse action against Plaintiff by terminating Plaintiff from his employment.

73.     Not only did Defendant improperly and unlawfully terminate Plaintiff from his employment, but prior to the termination, Defendant committed unlawful discriminatory employment practices in violation of the American with Disabilities Act, 42 U.S.C. Section 12102 *et seq* and took adverse actions against Plaintiff by refusing to give him any pay raises due to his disability.

74.     A causal nexus exists between the unlawful discriminatory employment practices, as set forth above, and Plaintiff's membership in the protected group as someone with an impairment or disability.

75.     The unlawful discriminatory employment practices by Defendant, as set forth above, impacted a term, condition, or privilege of Plaintiff's employment with the Defendant.

76.     Defendant knew or should have known of the unlawful discriminatory employment practices against Plaintiff yet failed to take proper remedial action to prevent,

remove, or undo those practices and further failed to engage in an interactive process to determine if an accommodation was reasonable or necessary or to otherwise accommodate Plaintiff.

77.     As a direct and proximate result of the discrimination as described herein and unlawful practices, Plaintiff has suffered and will continue to suffer the following:

(a) Lost income, including but not limited to bonuses, back pay, front pay, and lost benefits;
(b) Lost career opportunities, including but not limited to opportunities for advancement, status, pay, and benefits;
(c) Mental and emotional anguish defined as "garden variety" by Missouri law; and
(d) Extreme embarrassment, humiliation, outrage, and loss of personal enjoyment.

78.     The actions of the Defendant were intentional, malicious, and committed with the deliberate indifference to, and reckless disregard for the rights of Plaintiff entitling Plaintiff to punitive damages against Defendant.

79.     Pursuant to the American with Disabilities Act, 42 U.S.C. Section 12102 *et seq*., Plaintiff is entitled to and hereby requests an award of attorney fees and post-judgment interest at the highest lawful rate on any award or verdict provided.

**WHEREFORE**, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable, for an award of punitive damages sufficient to deter this Defendant and others similar situated from like actions in the future; for an award of attorney fees; for his costs incurred herein, for post-judgment interest at the highest lawful rate on any judgment rendered; and for such other and further relief as the Court deems just and proper in the premises.

## COUNT IV
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**COMES NOW** Plaintiff, and for Count IV of his cause of action states as follows:

80.     Plaintiff hereby incorporates by reference paragraphs 1 through 79, as though more fully set forth herein.

81.     During the period covered by his employment, Plaintiff performed overtime work for which no additional compensation was paid to him by Defendant, in violation of the provisions of the FLSA.

82.     During the time Plaintiff was employed with Defendant, Plaintiff was a non-exempt employee and entitled to overtime compensation under the FLSA.

83.     Although Plaintiff was treated by Defendant as an exempt employee under the FLSA, Defendant, when convenient for Defendant, took actions against Plaintiff that caused Plaintiff to be a non-exempt employee under the FLSA including requiring Plaintiff to make up any time, no matter how small the increment, to ensure that Plaintiff put in the hours required under his agreement with Defendant.

84.     Defendant required Plaintiff to work at least forty-two (42) hours every week, but never paid Plaintiff for more than forty hours per week.

85.     Plaintiff, under the FLSA is due and owed from Defendant as compensation for the overtime the sum as the evidence may show plus an additional equal amount as liquidated damages, together with reasonable attorney fees.

**WHEREFORE**, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable, for an award of liquidated damages as authorized under the FLSA; for an award of attorney fees; for his costs incurred herein, for post-judgment interest at the highest lawful rate on any judgment rendered; and for such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

**LOWTHER JOHNSON**
**Attorneys at Law, LLC**


By: */s/ Greggory D. Groves*
     Greggory D. Groves
     Missouri Bar Number 35526
     901 St. Louis Street, 20th Floor
     Springfield, MO 65806
     Telephone: (417) 866-7777
     Facsimile:  (417) 866-1752
     E-mail:  ggroves@lowtherjohnson.com
     *Attorney for Plaintiff*



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

**2231-CC00677**

| **MICHAEL L. PARSON**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **DEREK M. HOLLAND**<br>COMMISSION CHAIR | **ALISA WARREN, PH.D.**<br>EXECUTIVE DIRECTOR |
|---|---|---|---|

Justyn I. Merckling
700 W. Christine Lane
Republic, MO 65738
merckling_justyn@yahoo.com

**NOTICE OF RIGHT TO SUE**

RE:   Justyn I. Merckling vs. MIDWEST TECHNICAL INSTITUTE, Inc.
E-08/21-53231  28E-2021-00959

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

April 26, 2022
Date

C:      additional contacts listed on next page

☒ | ☐ | ☐ | ☐

| **JEFFERSON CITY OFFICE**<br>421 E. DUNKLIN STREET<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | **ST. LOUIS OFFICE**<br>111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | **KANSAS CITY OFFICE**<br>P.O. BOX 1129<br>JEFFERSON CITY, 65102-1129<br>FAX: 816-889-3582 | **SIKESTON OFFICE**<br>106 ARTHUR STREET, SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |
|---|---|---|---|

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

**Exhibit A**

Electronically Filed - Greene - June 30, 2022 - 04:50 PM

RE:    Justyn I. Merckling vs. MIDWEST TECHNICAL INSTITUTE, Inc.
E-08/21-53231  28E-2021-00959

MIDWEST TECHNICAL INSTITUTE, Inc.
3600 S. Glenstone Avenue
SPRINGFIELD, MO 65804
*Via Respondent Contact Email*

Bruce Thiemann
KAVANAGH, SCULLY, SUDOW, WHITE & FREDERICK, P.C.
301 SW Adams Street Suite 700
Peoria, IL 61602
brucethiemann@ksswf.com

Greggory D. Groves
Lowther Johnson
901 St. Louis Street, 20th Floor
Springfield, MO 65806
ggroves@lowtherjohnson.com

Electronically Filed - Greene - June 30, 2022 - 04:50 PM

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Justyn I. Merckling**<br>**700 W. Christine Lane**<br><br>**Republic, MO 65738** | From: **St. Louis District Office**<br>**1222 Spruce St, Rm 8 100**<br><br>**St Louis, MO 63103** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **28E-2021-00959** | **Joseph J. Wilson**<br>**State, Local & Tribal Program Manager** | **(314) 798-1930** |

*(See also the additional information enclosed with this form.)*

Issued On: 05/03/2022

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> \*of your receipt of this Notice.\* Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By: David Davis 5/3/2022

**David Davis**
**Acting District Director**

**Exhibit B**

cc: Bruce Thiemann
Attorney
KAVANAGH, SCULLY, SUDOW, WHITE & FREDERICK, P.C.
301 SW Adams Street Suite 700
Peoria, IL 61602

Gregory D. Groves
Lowther Johnson, Attorneys at Law, LLC
901 St. Louis St., 20th Floor
Springfield, MO 65806

Electronically Filed - Greene - June 30, 2022 - 04:50 PM

Electronically Filed - Greene - June 30, 2022 - 04:50 PM

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>**within 90 days**</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than <u>**2 years (3 years)**</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>**within 6 months**</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | E- 08\|21- 53251 |
| [X] EEOC | 28E-2021-00959C |

Missouri Commission On Human Rights and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Justyn L. Merckling | (406) 514-0200 | 10/29/1986 |

| Street Address | City, State and ZIP Code |
|---|---|
| 700 West Christine Lane | Republic, MO 65738 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Midwest Technical Institute, Inc. | 15+ | (417) 227-1950 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3600 South Glenstone Avenue | Springfield, MO 65804 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Uncertain    Latest: 8/23/2020

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached Statement of Particulars which is incorporated herein by reference.

# FILED

AUG 26 2021

MO Commission on Human Rights
Jefferson City Office

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

08/23/2021
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Electronically Filed - Greene - June 30, 2022 - 04:50 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☐ EEOC | |

| Missouri Commission On Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet)*

I began my employment with Midwest Technical Institute in November of 2015. I was an instructor for Midwest Technical Institute and then later became a Placement Coordinator.

I have severe Chron's Disease. My disease is serious enough that it constitutes a disability. I need accommodations for my disability, and initially, Midwest Technical Institute accommodated me while I was the placement Coordinator, but then stopped most of the accommodations. Midwest Technical Institute also stopped giving me performance reviews and any raises.

I was provided paperwork from Human Resources showing that I had requested leave beginning on May 11, 2021, and that I was eligible for such leave. I was released by my doctor to return to my position on August 2, 2021. Although I was very good at my job as a Placement Coordinator, Midwest Technical Institute did not return me to my position of Placement Coordinator.

Midwest Technical Institute made it very clear that it would not allow me to return as Placement Coordinator. Midwest Technical Institute would, however, return me to work as an instructor although based upon my condition, I was not able to work as an instructor.

Toward the end of July 2021, I provided Midwest Technical Institute paperwork that I was not able to be in an enclosed area and therefore do the job of an instructor. Midwest Technical Institute informed me that they would get back with me. As of the signing of this Charge of Discrimination, Midwest Technical Institute has not provided me any additional information on my status.

While I was waiting to hear from Midwest Technical Institute, I heard that I had in fact been terminated. I reached out to Midwest Technical Institute to confirm whether I had been terminated. Again, as of the signing of this Charge of Discrimination, I have not heard back from Midwest Technical Institute.

I informed Midwest Technical Institute that because I had not heard from them, it was my understanding that I had been terminated.

I believe that I was not returned to my position as Placement Coordinator and that I was terminated due to a disability that I had or due to the employer's perception that I had a disability. I have been unlawfully discriminated against and as remedy of this unlawful discrimination I am seeking backpay, lost wages, future lost payments and additional damages and relief as provided by law. As a further remedy for this unlawful discrimination, I desire an end to the discrimination and anything else which is appropriate.

| I want this charge filed with both the EEOC and the State or local Agency, if any I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8/23/2021<br>*Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF AUGUST 2021 |

Electronically Filed - Greene - June 30, 2022 - 04:50 PM

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | E. 08 21 - 53251 |
| [X] EEOC | 28E-2021-00959C |

Missouri Commission On Human Rights     and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Justyn L. Merckling | (406) 514-0200 | 10/29/1986 |

| Street Address | City, State and ZIP Code |
|---|---|
| 700 West Christine Lane | Republic, MO 65738 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Midwest Technical Institute, Inc. | 15+ | (417) 227-4950 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3600 South Glenstone Avenue | Springfield, MO 65804 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN | Earliest: Uncertain    Latest: 8/23/2020 |
| [ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION | [X] CONTINUING ACTION |
| [ ] OTHER (Specify) | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached Statement of Particulars which is incorporated herein by reference.

# FILED

## AUG 2 6 2021

MO Commission on Human Rights
Jefferson City Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | |
| 08/23/2021<br>Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Exhibit C

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☐ EEOC | |

| Missouri Commission On Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet)*

I began my employment with Midwest Technical Institute in November of 2015. I was an instructor for Midwest Technical Institute and then later became a Placement Coordinator.

I have severe Chron's Disease. My disease is serious enough that it constitutes a disability. I need accommodations for my disability, and initially, Midwest Technical Institute accommodated me while I was the placement coordinator, but then stopped most of the accommodations. Midwest Technical Institute also stopped giving me performance reviews and any raises.

I was provided paperwork from Human Resources showing that I had requested leave beginning on May 11, 2021, and that I was eligible for such leave. I was released by my doctor to return to my position on August 2, 2021. Although I was very good at my job as a Placement Coordinator, Midwest Technical Institute did not return me to my position of Placement Coordinator.

Midwest Technical Institute made it very clear that it would not allow me to return as Placement Coordinator. Midwest Technical Institute would, however, return me to work as an instructor although based upon my condition, I was not able to work as an instructor.

Toward the end of July 2021, I provided Midwest Technical Institute paperwork that I was not able to be in an enclosed area and therefore do the job of an instructor. Midwest Technical Institute informed me that they would get back with me. As of the signing of this Charge of Discrimination, Midwest Technical Institute has not provided me any additional information on my status.

While I was waiting to hear from Midwest Technical Institute, I heard that I had in fact been terminated. I reached out to Midwest Technical Institute to confirm whether I had been terminated. Again, as of the signing of this Charge of Discrimination, I have not heard back from Midwest Technical Institute.

I informed Midwest Technical Institute that because I had not heard from them, it was my understanding that I had been terminated.

I believe that I was not returned to my position as Placement Coordinator and that I was terminated due to a disability that I had or due to the employer's perception that I had a disability. I have been unlawfully discriminated against and as remedy of this unlawful discrimination I am seeking backpay, lost wages, future lost payments and additional damages and relief as provided by law. As a further remedy for this unlawful discrimination, I desire an end to the discrimination and anything else which is appropriate.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 8/23/2021 *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS 31 DAY OF AUGUST 2021 |

**2231-CC00677**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION (AMENDED) <br> This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: <br> [X] FEPA E- <br> [X] EEOC | Agency(ies) Charge No(s): |
|---|---|---|

| Missouri Commission On Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* <br> Mr. Justyn L. Merckling | Home Phone *(Incl. Area Code)* <br> (406) 514-0200 | Date of Birth <br> 10/29/1986 |
|---|---|---|

| Street Address <br> 700 West Christine Lane | City, State and ZIP Code <br> Republic, MO 65738 |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name <br> Midwest Technical Institute, Inc. | No. Employees, Members <br> 15+ | Phone No. *(Include Area Code)* <br> (417) 227-4950 |
|---|---|---|

| Street Address <br> 3600 South Glenstone Avenue | City, State and ZIP Code <br> Springfield, MO 65804 |
|---|---|

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE |
|---|
| Earliest 02/23/2021  Latest 8/23/2021 |
| [X] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached Statement of Particulars which is incorporated herein by reference.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| **March 21, 2022** <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> *(month, day, year)* |

**Exhibit D**

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | |

**Missouri Commission On Human Relations** and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet)*

I began my employment with Midwest Technical Institute in November of 2015. I was an instructor for Midwest Technical Institute and then later became a Placement Coordinator.

I have severe Chron's Disease.  My disease is serious enough that it constitutes a disability.  I have needed accommodations for my disability, and to some extent, Midwest Technical Institute was willing to accommodate my disability.

I took Family Medical Leave starting on May 11, 2021.  I was released by my doctor to return to my position on August 2 , 2021. Although I was very good at my job as a Placement Coordinator, Midwest Technical Institute did not return me to the my position of Placement Coordinator.

Midwest Technical Institute made it very clear that they would not allow me to return as Placement Coordinator. They would, however, return me to work as an instructor although based upon my condition, I was not able to work as an instructor.

When I provided Midwest Technical Institute paperwork that I was not able to be in an enclosed area and therefore do the job of an instructor, Midwest Technical Institute informed me that they would get back with me. As of the signing of the original Charge of Discrimination, Midwest Technical Institute has not provided me any additional information on my status.

While I was waiting to hear from Midwest Technical Institute, I heard that I had in fact been terminated. I reached out to Midwest Technical Institute to confirm whether I had been terminated.  Again, as of the signing of this Charge of Discrimination, I have not heard back from Midwest Technical Institute.

I informed Midwest Technical Institute that because I had not heard from them, it was my understanding that I had been terminated.

I believe that I was not returned to my position as Placement Coordinator and that I was terminated due to a disability that I had or due to the employer's perception that I had a disability. I have been unlawfully discriminated against and as remedy of this unlawful discrimination I am seeking backpay, lost wages, future lost payments and additional damages and relief as provided by law. As a further remedy for this unlawful discrimination, I desire an end to the discrimination and anything else which is appropriate.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| March 21,2022      *Charging Party Signature* <br> Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS |



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARK A POWELL | **Case Number: 2231-CC00677** |
| Plaintiff/Petitioner:<br>JUSTYN MERCKLING | Plaintiff's/Petitioner's Attorney/Address<br>GREGGORY DEAN GROVES<br>901 E. ST. LOUIS ST.<br>20TH FLOOR<br>SPRINGFIELD, MO 65806 |
| vs. | |
| Defendant/Respondent:<br> MIDWEST TECHNICAL INSITUTE INC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** **MIDWEST TECHNICAL INSITUTE INC**
                             **Alias:**
**PERSON HAVING CHARGE OF THE**
**BUSINESS OFFICE AT**
**3600 S GLENSTONE OUTER RD**
**SPRINGFIELD, MO 65804**

*COURT SEAL OF*



*GREENE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 07/01/2022 | /s/ Thomas R. Barr by ar |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                        Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only* **Document ID #22-SMCC-1423** 1 of 1 (2231-CC00677) Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20-506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03212-MDH   Document 1-1   Filed 08/15/22   Page 26 of 28



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARK A POWELL | **Case Number: 2231-CC00677** |
| Plaintiff/Petitioner:<br>JUSTYN MERCKLING | Plaintiff's/Petitioner's Attorney/Address<br>GREGGORY DEAN GROVES<br>901 E. ST. LOUIS ST.<br>20TH FLOOR<br>vs. SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br> MIDWEST TECHNICAL INSTITUTE INC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | SPRINGFIELD, MO 65802       (Date File Stamp) |

## Summons in Civil Case

| |
|---|
| **The State of Missouri to:** MIDWEST TECHNICAL INSTITUTE INC<br>           **Alias:**<br>**PERSON HAVING CHARGE OF THE**<br>**BUSINESS OFFICE AT**<br>**3600 S GLENSTONE OUTER RD**<br>**SPRINGFIELD, MO 65804** |

*COURT SEAL OF*

**CIRCUIT COURT OF MISSOURI**

*GREENE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 07/05/2022 | /s/ Thomas R. Barr by ar |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____     _____
                              Date                           Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-1460** 1 of 1 (2231-CC00677) Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20–506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03212-MDH Document 1-1 Filed 08/15/22 Page 27 of 28



**IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI**

F I L E D

JUL 1 9 2022
Greene County
Circuit Court
GREENE COUNTY

JUL 0 7 2022
RECEIVED
Civil Office

| Judge or Division:<br>MARK A POWELL | Case Number: 2231-CC00677 |
|---|---|
| Plaintiff's/Petitioner:<br>JUSTYN MERCKLING | Plaintiff's/Petitioner's Attorney/Address<br>GREGGORY DEAN GROVES<br>901 E. ST. LOUIS ST.<br>20TH FLOOR<br>SPRINGFIELD, MO 65806 |
| vs. | |
| Defendant/Respondent:<br>MIDWEST TECHNICAL INSTITUTE INC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **MIDWEST TECHNICAL INSTITUTE INC**
  Alias:
**PERSON HAVING CHARGE OF THE
BUSINESS OFFICE AT
3600 S GLENSTONE OUTER RD
SPRINGFIELD, MO 65804**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*GREENE COUNTY*

| 07/05/2022 | /s/ Thomas R. Barr by ar |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and petition to: _Elizabeth Skidmore_ (name) _Campus Pres._ (title).
☐ other: _____
Served at ___3600 S Colenstone___ (address)
in ___Greene___ (County/City of St. Louis, MO, on _7/18/22_ (date) at _1358_ (time).

___J. Arnott___                                   ___D B___
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
  Date                                          Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

CK# 209894

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.